# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-149 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court set an in-person settlement conference before the undersigned for April 11, 2023 at 9:00 AM,[1] and a pre-mediation status conference for April 4, 2023 at 1:00 PM. Doc. 35 at 1; doc. 36. In its Order setting the settlement conference, the Court directed Plaintiff and Defendant to exchange a pre-mediation demand and offer, and to email the demand and offer to the Court. Doc. 35 at 2-3. The parties complied[2];

---

[1] The Court granted Defendant leave to have its representative with full settlement authority participate in the settlement conference virtually. Doc. 35 at 1 n.1.

[2] The Court would note that Plaintiff's demand was tardy. Plaintiff was ordered to submit his demand to Defendant (and email a copy to the undersigned's Courtroom Deputy Clerk) no later than Tuesday, March 21, 2023. Doc. 35 at 2-3. Plaintiff's counsel did not make their submission until Monday, March 27, 2023. Plaintiff's counsel are reminded that they are required to comply with court-ordered deadlines.

1

however, their submissions show a significant gap between the current demand and offer amounts.

> In its Order setting the settlement conference, the Court explained:
>
> After review of [the demand and offer] submissions, the Court reserves the right to cancel the mediation where settlement appears unlikely. However, as an alternative to immediate cancellation, the Court may require the parties to submit to the Court a realistic assessment of the possibility of settlement and certify their agreement thereto. If the Court requires such a certification, it will consider that filing in determining whether the parties are prepared to mediate— and indeed do mediate—in good faith. If, at **any** point during the process, the Court determines that one or both parties' conduct evidences a lack of good faith, the Court will assess sanctions in accordance with S.D. Ga. L.R. 16.7.6(g).

Doc. 35 at 3-4 (emphasis in original). The Court does not find that immediate cancellation of the settlement conference is warranted at this time. However, given the initial demand and offer amounts, the Court will require the parties to provide the Court a realistic assessment of the possibility of settlement and certify their agreement thereto. Additionally, the Court will require the parties to certify that they are prepared to mediate in good faith on April 11, 2023. The parties shall make their assessments and certifications orally at the April 4, 2023 pre-

mediation conference; they need not submit written certifications at this time.[3]

**SO ORDERED**, this 30th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] This Order does not alter any of the parties' obligations discussed in the Court's Order Setting Settlement Conference, doc. 35, including their obligation to submit confidential, *ex parte* position letters to the Court no later than ten days before the settlement conference.  *See id.* at 4-5.